# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# CHARLESTON DIVISION

| | |
|---|---|
| NGM INSURANCE COMPANY ) <br> f/k/a NATIONAL GRANGE ) <br> MUTUAL INSURANCE ) <br> COMANY, ) <br> ) <br>           Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLINA'S POWER WASH & ) <br> PAINTING, LLC, NORMAN L., ) <br> KURAS, JR. d/b/a CAROLINA'S ) <br> POWER WASH & PAINTING, ) <br> f/k/a CAROLINA'S PAINTING & ) <br> PRESSURE WASHING, CATHY ) <br> CROMER and LISA GLOVER, ) <br> ) <br> ) <br>           Defendants. ) <br> _____) | CIVIL ACTION NO. 2:08-3378-DCN <br><br><br><br><br><br><br><br> **REPORT AND RECOMMENDATION** |

This matter is before the Court pursuant to the Amended Motion for Attorney Fees and Costs filed by Defendant Norman L, Kuras, Jr. d/b/a Carolina's Power Wash & Painting, f/k/a Carolina's Painting & Pressure Washing ("Kuras"). This motion arose out of a declaratory judgment action commenced by Plaintiff NGM Insurance Company f/k/a National Grange Mutual Insurance Company ("NGM"), seeking a determination of coverage under a contractor's insurance policy. Defendants Carolina's Power Wash & Painting, LLC ("CPWP") and Kuras sought indemnification



from NGM against negligence claims brought by Defendants Cathy Cromer ("Cromer") and Lisa Glover ("Glover") in an underlying suit, Cromer v. Carolina's Power Wash & Painting, LLC, 06-CP-10-0855, filed in Charleston County. On January 12, 2010, the Honorable David C. Norton, Chief United States District Judge, denied NGM's Motion for Summary Judgment and granted Defendants' Motion for Summary Judgment. Judgment was entered for the Defendants on January 13, 2010, and NGM filed an appeal.

Kuras seeks attorney fees and costs as the prevailing party under Rule 54(d), Fed.R.Civ.P. NGM objects to the request for attorney fees on the following basis: 1) Defendant Kuras failed to specifically request attorney fees in its answer; 2) no contract or statute has been cited which allow attorney fees; 3) Hegler[1] is distinguishable from this case; and 4) the Court cannot determine the reasonableness of the attorney fees because the Kuras' fee affidavit lacks specificity. On April 21, 2010, the Court ordered Kuras to submit copies of the attorneys' billing records for *in camera* review, and on April 22, 2010, counsel filed an Amended Supplemental Affidavit of Attorney Fees and the billing records were submitted *in camera*.

This matter is now before the Court for disposition.

**I.**

With regard to Kuras' failure to specifically request attorney fees in its answer, NGM argues that the right to attorney fees must be pled or the right to attorney fees is barred, citing United Indus., Inc. v. Simon-Hartley, LTD, 91 F.3d 762, 764 (5th Cir. 1996)[stating that "[o]ur sister circuits routinely classify attorney's fees as special damages that must be specifically pleaded under Federal

---

[1] Kuras cites to Hegler v. Gulf Ins. Co., 243 S.E.2d 443 (S.C. 1978), to support its request for attorney fees.



2

Rules of Civil Procedure 9(g)"]; and Atlantic Purchasers, Inc. v. Aircraft Sales, 705 F.2d 712, 716 n. 4 (4th Cir. 1983)[noting in dicta that attorneys' fees are items of special damage under Rule 9(g)]. However, United Indus., Inc. v. Simon Hartley, LTD, noted that an exception to the rule may exist under Rule 54, Fed.R.Civ.P., in certain circumstances. Id. at 765. This exception is explained in Riordan v. State Farm Mut. Auto. Ins. Co., No. 07-38, 2008 WL 2512023 (D.Mont. June 20, 2008),[2] as follows:

> In resisting [the insured's] request for attorneys fees, State Farm argues that attorneys fees are an item of special damages that must, in accordance [with] Federal Rule of Civil Procedure 9(g), be pled with specificity or the claim is waived. Because [insured] did not plead a claim for attorneys fees in his complaint . . . State Farm contends [the insured] waived the claim. State Farm, however, fails to recognize the interplay which exists between Rule 9(g) and Rule 54(d)(2).
>
> It is true that some courts, in reliance upon the language of Rule 9(g), have recognized that in certain contexts a party waives its right to attorneys fees if a specific request for attorneys fees is not made in the parties' pleadings. Such cases, which recognize that attorneys fees are "special damages" within the meaning of Rule 9(g), generally turn on the fact that the substantive law governing the action provides for recovery of attorneys fees as an element of damages, as opposed to a recoverable cost. Rule 54 was amended in 1993 to add paragraph (d)(2) for the precise purpose of incorporating this distinction.

2008 WL 2512023 at * 3 (citations omitted).

The Court in Riordan then found that because the insured was entitled to recover attorney fees as a recoverable cost under the substantive law of Montana, it could do so by requesting those fees pursuant to Rule 54(d)(2), and was not required to plead them under Rule 9(g), because such fees were not required to be proved at trial as an element of damages. See also Perry v. Serenity Behavioral Heath Systems, No. 06-172, 2009 WL 1259367 at *2 n. 5 (S.D.Ga. May 6,

---

[2] In Riordan, the insured brought suit against his automobile UIM carrier, but failed to plead in his complaint that he was entitled to attorney's fees. The insurer argued, as NGM does here, that the plaintiff waived his right to an award of attorney's fees under Rule 9(g).



3

2009)[Recognizing the distinction between attorneys fees sought under Rule 54 and those which must be proved as an element of damages which must be plead under Rule 9]; In re Rivastigmine Patent Litigation, No. 05-1661, 2007 WL 1154000 at ** 7-8 (S.D.N.Y. Apr. 19, 2007)[recognizing the same distinction].[3] Rule 54(d)(2)(A) also states "[a] claim for attorney's fees and related nontaxable expenses *must* be made by motion *unless* the substantive law requires those fees to be proved at trial as an element of damages". Rule 54(d)(2)(A), Fed.R.Civ.P. [emphasis added].

Here, NGM has presented no valid argument to show that Kuras had to prove its attorney fees at trial as an element of its damages, and the undersigned concludes that Kuras was not required to do so. Rather, Kuras is entitled to recover attorney fees as a recoverable cost under the substantive law of South Carolina[4], can do so by requesting those fees pursuant to Rule 54(d)(2), and was not required to plead them under Rule 9(g), because such fees were not required to be proved at trial as an element of damages.

NGM has also shown no prejudice as a result of Kuras not seeking attorneys fees in its answer. Kuras could only seek attorney's fees after the case had been finally determined. See Rule 54(d)(2)(B), Fed.R.Civ.P. Kuras moved for its fees and NGM fully briefed its opposition to such fees, and by timely filing its motion under Rule 54(d)(2)(B), Fed.R.Civ.P., there is also time for any appellate review of any dispute over fees to proceed at the same time as a review on the merits. See Advisory Notes to Rule 54(d)(2)(B), Fed.R.Civ.P. Therefore, the Court does not find that Kuras' claim for attorneys fees is barred because it was not pled in the answer.

---

[3]The advisory notes for Rule 54 also specifically note the distinction between attorney fees which must be pled and those allowed to be sought under Rule 54.

[4]See discussion (Section II), infra [concerning entitlement to attorneys fees].



## II.

With regard to NGM's argument that no contract or statute has been cited which allows for attorney fees, Kuras correctly points out that, under the substantive law of South Carolina, when an insured successfully defends a declaratory judgment action brought against him by an insurance carrier seeking to disclaim coverage, the insured is entitled to recover attorney fees associated with defending the action. State Auto Prop. & Cas. Ins. Co. v. Raynolds, 592 S.E.2d 633, 637 (S.C. 2004)["It is well-settled in South Carolina that when a defendant insured prevails in a declaratory judgment action, the insured is entitled to recover attorney's fees."]; First Fin. Ins. Co. v. Sea Island Sport Fishing Society, Inc., 490 S.E.2d 257, 259 (S.C. 1997); Gordon-Gallop Realtors, Inc. v. Cincinnati Ins. Co., 265 S.E.2d 38, 40 (S.C. 1980); Hegler v. Gulf Ins. Co., 243 S.E.2d 443 (S.C. 1978). See also Security Ins. Co. of Hartford v. Campbell Schneider & Associates, 481 F.Supp.2d 496 (D.S.C. 2007)[The Hegler rule that attorney fees were available to an insured who prevailed in a dispute with an insurer concerning the insured's duty to defend, was applicable in federal diversity action seeking a declaration as to the duty to defend, regardless of the fact that the insured's action was brought under the Declaratory Judgment Act.]; Berenyi, Inc. v. Landmark Am. Ins. Co., No. 09-1556, 2010 WL 233861, at * 10-11 (D.S.C. Jan. 14, 2010).

In addressing whether an insured could recover attorney fees after being successful in a declaratory judgment action, the Court in Security Ins. Co. of Hartford found,

> [t]he declaratory judgment action established [insurer's] obligation under the policy to defend the action for damages. If [insured] had refused initially to defend, it would undoubtedly have been liable for the payment of counsel fees incurred by [the insured] in the defense of the damage action. Instead however of refusing initially, [the insurer] began the defense and then sought, through the declaratory judgment action, to avoid any obligation to continue to defend. In order to obtain [insurer's] continued defense of the action for damages, it was necessary for [insured] to employ counsel

5



> to resist the contention by [insurer] of lack of coverage. There is no material difference in the legal effect between an outright refusal to defend and in undertaking the defense under a reservation of rights until a declaratory judgment is prosecuted to resolve the question of coverage. In either event, an insured must employ counsel to defend in the first instance in the damage action and in the second in the declaratory judgment action to force the insurer to provide the defense. In both, the counsel fees are incurred because of the insurer's disclaimer of an obligation to defend.

481 F.Supp.2d at 499 (quoting Hegler, 243 S.E.2d at 444).

Based on the application of South Carolina law and consistent with the application of the law by other courts in this District, Kuras is entitled to its legal fees arising from successfully asserting its rights against the insurer's attempt in the declaratory judgment action to avoid its obligation to defend. State Auto Prop. & Cas. Ins. Co., 592 S.E.2d at 637; First Fin. Ins. Co. v. Sea Island Sport Fishing Society, Inc., supra; Gordon-Gallop Realtors, Inc. v. Cincinnati Ins. Co., supra; Hegler v. Gulf Ins. Co., supra. See also Security Ins. Co. Of Hartford v. Campbell Schneider & Associates, supra; Berenyi, Inc. v. Landmark Am. Ins. Co., supra.

### III.

With regard to NGM's argument that Hegler is distinguishable from this case, NGM asserts that the issue of attorney fees is not ripe for determination because of the pending appeal in this case. However, since the Court has entered a final judgment, Kuras was required to file a motion for attorney's fees within the time frame set forth by Rule after the entry of judgment. See Rule 54(d)(2)(B), Fed.R.Civ.P. Indeed, the Note to Rule 54 states in the relevant part:

> Prompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind. It also enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case.

Accordingly, NGM's argument is without merit. See Fed.R.Civ.P. 54(d)(2)(B); see



also Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc., 198 F.3d 391, 394 (3d Cir. 1999)[district court retains jurisdiction over attorney fee petition despite appeal]; Americal Civil Liberties Union of Kentucky v. Grayson County, Kentucky, No. 01-202, 2008 WL 2597050 at *1 (W.D.Ky. June 26, 2008)[denying motion to stay decision on attorney's fees pending the outcome on appeal]; McCloud v. City of Sunbury, No. 04-2322, 2006 WL 449198 at * 1 (M.D.Pa. Feb. 23, 2006)[denying motion to stay decision on attorney's fees pending the outcome on appeal].

**IV.**

With regard to the reasonableness of the attorney fees requested, the method of calculating attorney fees was addressed by the Fourth Circuit Court of Appeals in Robinson v. Equifax Information Services, LLC, 560 F.3d 235 (4th Cir. 2009) as follows:

> In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate. Grissom v. The Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008). In deciding what constitutes a reasonable number of hours and rate, we have instructed that a district court's discretion should be guided by the following twelve factors:
>
>> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.
>> Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n. 28 (4th Cir.1978)

7



(adopting twelve factors set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by* Blanchard v. Bergeron, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989)).

Robinson, 560 F.3d at 243.

Kuras has submitted the total hours spent by their attorneys with the corresponding hourly rates. NGM has not challenged the reasonableness of the hourly rates,[5] but does challenge the number of hours and requests the Court to conduct an *in camera* review of the bills generated in this case to substantiate the overall claimed amount of attorney fees. The Court has reviewed the fee bills presented and finds the hours spent and activities performed to be reasonable.

The fee applicant has the burden of proving hours spent and how those hours were

---

[5] In any event, the Court finds the requested rates to be reasonable. Richard McDuff is a partner at the law firm of Smith, Moore, Leatherwood, LLP, and has been practicing law for over twenty years. See www.martindale.com/Richard-H-McDuff. He is a member of the South Carolina and Florida state bars. He is also admitted to practice in the United States Supreme Court, the United States Court of Appeals for the Fourth Circuit, the United States Court of Appeals for the Eleventh Circuit, the United States District Court for the Middle District of Florida, and the United States District for the Southern District of Florida. See McDuff Affidavit. William H. Jordan is an associate with Smith, Moore, Leatherwood, LLP, has been practicing law for over two years, and is a member of the South Carolina bar. See www.martindale.com/William-H-Jordan. Matthew Staab is a former associate with Smith, Moore, Leatherwood, LLP, has been practicing law for over three years, and is admitted to practice in federal court in South Carolina and the United States Court of Appeals for the Fourth Circuit. See www.martindale.com/Matthew-M-Staab.; see also McDuff Affidavit. Based upon a review of the experience and expertise of the attorneys, the tasks performed in this case, and the relevant case law including the factors in Barber, the hourly rates billed for McDuff of $300.00 per hour, Jordan of $190 per hour, and Staab of $210 per hour are reasonable. Cf. Andrews v. Chevy Chase Bank FSB, ___ F.Supp.2d ___, 2010 WL 1544163 (E.D.Wis. 2010)[Finding $350 a reasonable hourly fee]; Eugene v. 3 Don & Partner Estate Gray, LLC, No. 07-80439, 2009 WL 996016 at * 6 (S.D.Fla. Apr. 14, 2009)[Finding $300 a reasonable hourly fee]; see also Security Ins. Co. of Hartford, 481 F.Supp.2d at 503-504 [While "[e]vidence of the prevailing market rate usually takes the form of affidavits from other counsel attesting to their rates or the prevailing market rate, ... in the absence of sufficient documentation, the court may rely on its own knowledge of the market."] (quoting CoStar Group, Inc. V. LoopNet, Inc., 106 F.Supp.2d 780, 788 (D.Md. 2000)).



allotted to specific tasks, and the Court must ensure that the time is reasonable and that the work billed by different attorneys is not duplicative. The Court has reviewed the billing records submitted *in camera* and finds the hours billed to be reasonable and not duplicative. The records reflect that, where possible, only one attorney billed for attended hearings, and there does not appear to be any double billing for the same correspondence or work. Further, the corrected affidavit only reflects work through the date requested in the motion, and the hours for each attorney on task, totaled for each month and then totaled cumulatively, correspond to the fee requested.

Multiplying the number of hours attributable to Richard McDuff of 53.6 hours by his hourly rate of three hundred ($300.00) dollars yields a fee of $16,080.00; multiplying the number of hours attributable to William H. Jordan of 18.7 hours by his hourly rate of one hundred and ninety ($190.00) dollars yields a fee of $3,553.00; and multiplying the number of hours attributable to Matthew M. Staab of 2.8 hours by his hourly rate of two hundred and ten ($210.00) dollars yields a fee of $588.00 - for a total of $20,221.00. The Court has also reviewed the request for costs in this matter of $93.40 and finds those costs to be reasonable.

**V.**

Finally, although this motion was referred to the undersigned for an order; see Court Docket No. 34; the relevant case law appears to require a Report and Recommendation. See McConnell v. ABC-Amega, Inc., 338 Fed.Appx. 24 (2d Cir. 2009)[attorney fees motions are dispositive for purposes of Rule 72]; Rajaratnam v. Moyer, 47 F.3d 922, 923-924 (7th Cir. 1995); Rule 54(d)(2)(D), Fed.R.Civ.P. (Referring to as a dispositive pretrial matter); Wisdom v. Centerville Fire District, Inc., No. 07-95, 2010 WL 468094 (D.Idaho Feb. 4, 2010)[R&R on



attorney fees]; Magoon v. Mettiki Coal Corp., No. 87-187, 1993 WL 455244 (D.Md. Aug. 17, 1993)[Order adopting R&R for attorney fees]; Pacel Corp. V. F. Kay Calkins, 325 Fed.Appx. 202 (4th Cir. May 11, 2009)[discussing attorney fee order as being a dispositive order]. Therefore, out of an abundance of caution, a Report and Recommendation is being entered.

Based on the foregoing, it is **recommended** that the amended motion for attorney fees and costs be **granted**, and that Kuras be awarded fees in the amount of $20,221.00, and costs in the amount of $93.40, for a total award of $20,314.40.

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 6, 2010

Charleston, South Carolina



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

