IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NGM Insurance Company f/k/a National Grange Mutual Insurance Company, | ) ) Civil No. 2:08-CV-3378-DCN |
| Plaintiff, | ) ) ) |
| vs. | ) ) **ORDER AND OPINION** |
| Carolina's Power Wash & Painting, LLC, Norman L. Kuras, Jr. d/b/a Carolina's Power Wash & Painting, f/k/a Carolina's Painting & Pressure Washing, Cathy Cromer and Lisa Glover, | ) ) ) ) ) |
| Defendants. | ) ) |

This matter is before the court on United States Magistrate Judge Bristow Marchant's Report and Recommendation (R&R) that this court grant the amended motion for attorney's fees and costs submitted by defendant Norman L. Kuras, Jr., d/b/a Carolina's Power Wash & Painting, f/k/a Carolina's Painting & Pressure Washing (Kuras). For the reasons set forth below, the court adopts the magistrate judge's R&R and grants defendant Kuras's motion for attorney's fees and costs.

**I. BACKGROUND**

On October 3, 2008, plaintiff filed a declaratory judgment action in this court, seeking a determination of coverage under a contractor's insurance policy. Defendants Carolina's Power Wash & Painting, LLC, and Kuras sought indemnification from plaintiff for negligence claims brought by defendants Cathy Cromer and Lisa Glover in an underlying lawsuit, Cromer v. Carolina's Power Wash & Painting, LLC, 06-CP-10-0855,

1

filed in Charleston County.

The parties then filed cross-motions for summary judgment on July 27, 2009. On January 12, 2010, the undersigned denied plaintiff's motion for summary judgment and granted defendants' motions for summary judgment. The court entered judgment for defendants on January 13, 2010, and plaintiff subsequently filed an appeal.

On January 27, 2010, Kuras timely filed an amended motion for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54. Plaintiff opposed the motion, arguing that Kuras failed to request attorney's fees in his answer to plaintiff's complaint. Plaintiff argued that Kuras's motion was not based on a contract or statute allowing attorney's fees, and that the issue of attorney's fees is not ripe for consideration because of plaintiff's pending appeal. Plaintiff also argued that Kuras's fee affidavit lacked specificity.

This court referred Kuras's motion to Magistrate Judge Marchant, who filed an R&R. Magistrate Judge Marchant found that Kuras, an insured who successfully defended a declaratory judgment action, was entitled to recover attorney's fees under the substantive law of South Carolina, and he was permitted to do so pursuant to Rule 54(d)(2). Magistrate Judge Marchant found that Kuras filed his motion pursuant to Rule 54, following entry of a final judgment; therefore, the issue of attorney's fees is ripe for consideration by the court. The magistrate judge determined that the proposed attorney's fees and costs ($20,221.00 and $93.40, respectively) submitted by Kuras were reasonable. Accordingly, he recommended that this court grant Kuras's motion.

Plaintiff then filed two objections to the R&R. First, plaintiff argues that attorney's fees are not recoverable costs under the substantive law of South Carolina, thus they must be specifically pled pursuant to Rules 54(d)(2) and 9(g). Second, plaintiff argues that application of the R&R should depend on the outcome of the pending appeal.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific, written objection is made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140 (1985). This court is not required to review, under a de novo standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. at 149-50. A party's general objections are not sufficient to challenge a magistrate judge's findings. Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636 (b)(1).

## III. DISCUSSION

Federal Rule of Civil Procedure 9(g) states that "[i]f an item of special damage is claimed, it must be specifically stated." Some circuit courts of appeal have held that attorney's fees are special damages that must be specifically pled. See Maidmore Realty

Co., Inc. v. Maidmore Realty Co., Inc., 474 F.2d 840, 843 (3d Cir. 1973) ("Claims for attorney fees are items of special damage which must be specifically pleaded under Federal Rule of Civil Procedure 9(g)."); United Indus., Inc. v. Simon-Hartley, Ltd., 91 F.3d 762, 764-65 (5th Cir. 1996) ("While this Circuit has not specifically held that attorneys' fees are items of special damage that must be specifically pleaded, we have intimated that this is so.") (internal citation omitted); Western Cas. & Sur. Co. v. Southwestern Bell Tel. Co., 396 F.2d 351, 356 (8th Cir. 1968) ("Claims for attorneys' fees are also items of special damage which must be specifically pleaded under [Rule] 9(g)."). The Fourth Circuit voiced this same position, in dicta, in Atlantic Purchasers, Inc. v. Aircraft Sales, Inc., 705 F.2d 712, 716 n.4 (4th Cir. 1983) ("Stella Maris failed to state specifically the claim for fees in the complaint. Fed. R. Civ. P. 9(g) (items of special damage must be pled specifically)."). Atlantic Purchasers involved fraud and breach of warranty claims asserted by an aircraft buyer and its subsidiary against an aircraft seller.

However, at least one circuit and various district courts take a different position. In Klarman v. Santini, the Second Circuit held that

> appellants['] . . . failure to specifically request attorney's fees and expenses in the event of dismissal of the third-party complaint does not in itself prevent their recovery. Rule 54 of the Federal Rules of Civil Procedure provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party had not demanded such relief in his pleadings."

503 F.2d 29, 36 (2d Cir. 1974) (internal citation omitted). Rule 54(d)(2)(A) states that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of

4

damages."

Other courts have also acknowledged the interplay between Rules 9(g) and 54. One such case is Riordan v. State Farm Mut. Auto. Ins. Co., No. 07-38, 2008 WL 2512023 (D. Mont. June 20, 2008). Like the instant case, the insurer in Riordan argued that attorney's fees were an item of special damages that the insured failed to raise in his complaint. In response, the district court held:

> It is true that some courts, in reliance upon the language of Rule 9(g), have recognized that in certain contexts a party waives its right to attorneys fees if a specific request for attorneys fees is not made in the parties pleadings. Such cases, which recognize that attorneys fees are "special damages" within the meaning of Rule 9(g), generally turn on the fact that the substantive law governing the action provides for recovery of attorneys fees as an element of damages, as opposed to a recoverable cost. Rule 54 was amended in 1993 to add paragraph (d)(2) for the precise purpose of incorporating this distinction.

Id. at *3 (internal citations omitted). The Advisory Committee Notes for Rule 54(d)(2) state that "subparagraph (A) . . . does not, however, apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury." In Peery v. Serenity Behavioral Health Sys., No. 106-172, 2009 WL 1259367, at *2 n.4 (S.D. Ga. May 6, 2009), the district court, citing Riordan, held that, "Rule 54 governs instead of Rule 9(g) when the substantive law governing the action provides for attorney's fees as a recoverable cost as opposed to an element of damages." The court in In re Rivastigmine Patent Litigation, No. 05-MD-1661, 2007 WL 1154000, at *7 (S.D.N.Y. April 19, 2007) reached the same conclusion. In that case, the plaintiff argued that the opposing parties' failure to claim attorney's fees in their initial pleadings

5

precluded them from seeking attorney's fees at a later stage in the case. The court quoted the language of Rule 54(d)(2)(A) and the corresponding Advisory Committee Notes. The court held that,

> the Advisory Committee Notes to Rule 54 specifically contrast situations in which attorneys' fees are an element of damages, in which fees "typically are to be claimed in a pleading," with other claims for attorneys' fees, which presumably need not be claimed in a pleading. In this case, the attorneys' fees sought are not an element of damages and therefore fall into the latter category.

Id.

Notably, plaintiff acknowledges the case law embracing the interplay between Rules 9(g) and 54(d)(2), and plaintiff argues that the substantive law of South Carolina, specifically breach of contract law, requires that attorney's fees be proven as an element of damages. Therefore, pursuant to Rules 54(d)(2) and 9(g), attorney's fees must be specifically pled.

Plaintiff cites Town of Winnsboro v. Wiedeman-Singleton, 398 S.E.2d 500 (S.C. Ct. App. 1990), and Hegler v. Gulf Ins. Co., 243 S.E.2d 443 (S.C. 1978), in support of the argument that under South Carolina law, attorney's fees are an element of damages in a breach of contract action. In Winnsboro, the Town of Winnsboro sued a contractor for breach of contract, negligence, and fraud arising from the faulty installation of a water filter system in a waste water treatment facility. The contractor filed a cross-claim against a subcontractor for indemnity and attorney's fees. The trial court directed a verdict for the contractor on its cross-claim for attorney's fees, and the subcontractor appealed. The Court of Appeals of South Carolina found that the attorney's fees were recoverable as

6

special damages from the subcontractor's breach of contract. The court quoted the rule that "[i]f a plaintiff seeks special damages for breach of contract, he must plead and prove both the fact of damage and the amount of damage with a reasonable degree of certainty." Winnsboro, 398 S.E.2d at 502 (citing South Carolina Fed. Sav. Bank v. Thornton-Crosby Dev. Co., Inc., 399 S.E.2d 8 (S.C. 1990)). The court quoted reasoning found in a similar case[1] regarding the issue of special damages:

> Where the wrongful act of the defendant has involved the plaintiff in litigation with others or placed him in such relation with others as makes it necessary to incur expense to protect his interest, such costs and expenses, including attorneys' fees should be treated as the legal consequences of the original wrongful act and may be recovered as damages. . . If the attorneys' fees were incurred as a result of a breach of contract between plaintiff and defendant, the defendant will be deemed to have contemplated that his breach might cause plaintiff to seek legal services in his dispute with the third party.

Winnsboro, 398 S.E.2d at 504 (quoting Addy v. Bolton, 183 S.E.2d 708, 709-10 (S.C. 1971) (internal citation omitted)).

In the Hegler case, an insured under an automobile liability policy sought to recover attorney's fees from his insurer following his successful defense of a declaratory judgment action. The Supreme Court held that,

> [t]he action of respondent [insurer] amounted to a wrongful breach of its contractual obligation to defend. The legal fees incurred by appellant, in successfully asserting his rights against respondent's attempt in the declaratory judgment action to avoid its obligation to defend, were damages arising directly as a result of the breach of contract.

---

[1] In Addy, the lessees of a retail store building asserted a claim against both the building owners and a contractor for negligence in repair of the building. The owners filed a cross-claim against the contractor for attorney's fees, and the court determined that they were entitled to attorney's fees because they "were put to the necessity of defending themselves." 183 S.E.2d at 709.

7

243 S.E.2d at 444 (citing Cohen v. Am. Home Assurance Co., 258 A.2d 225 (Md. 1969)). Accordingly, the court held that the insured was entitled to recover attorney's fees. Hegler, 243 S.E.2d at 445.

Plaintiff also cites the case of Hackworth v. Greywood at Hammett, LLC, 682 S.E.2d 871 (S.C. Ct. App. 2009), to support the assertion that "South Carolina requires special damages for breach of contract to be specifically pleaded." Pl.'s Objections 2. The gist (and central holding) of the opinion in Hackworth is that a civil conspiracy cause of action requires the pleading of special damages separate and apart from other causes of action alleged in a multiple-count complaint, not that special damages for breach of contract must be specifically pled. Plaintiff's citation merely references the opinion's distinction between general and specific damages, and this lends little assistance to its first objection.

Plaintiff is correct that special damages for breach of contract must be specifically pled in certain contexts under South Carolina law. In addition, plaintiff correctly points to the fact that in a declaratory judgment action, an insurer's disclaimer of an obligation to defend its insured is, in essence, "a wrongful breach of its contractual obligation to defend." Hegler, 243 S.E.2d at 444. However, the substantive law of South Carolina recognizes that attorney's fees are recoverable by an insured who prevails in a declaratory judgment action. "It is well-settled in South Carolina that when a defendant insured prevails in a declaratory judgment action, the insured is entitled to recover attorney's fees." State Auto Prop. & Cas. Co. v. Raynolds, 592 S.E.2d 633, 637 (S.C. 2004) (citing Hegler, 243 S.E.2d 443 (S.C. 1978)). Other federal court decisions in this district are

consistent on this point of law. See Security Ins. Co. of Hartford v. Campbell Schneider & Assoc., LLC, 481 F. Supp. 2d 496, 501 (D.S.C. 2007) (Duffy, J.) ("[E]ven though the action was brought pursuant to the federal Declaratory Judgment Act, the law of South Carolina applies. Because Hegler is the Supreme Court of South Carolina's interpretation of South Carolina law, this court is therefore bound to apply its holding."); Berenyi, Inc. v. Landmark Am. Ins. Co., No. 2:09-CV-01556, 2010 WL 233861, at *10-11 (D.S.C. 2010) (Duffy, J.) (finding insured entitled to attorney's fees after successfully defending a declaratory judgment action based on Hegler and the court's decision in Security Insurance Company of Hartford). This well-settled rule does not articulate that an insured must specifically plead attorney's fees in a declaratory judgment action.

The instant case is a declaratory judgment action, initiated by plaintiff in this court for the sole purpose of determining whether it was required to provide insurance coverage to defendant Kuras in an underlying state action. Thus, pursuant to the substantive law of South Carolina and Rule 54(d)(2)(A), defendant Kuras is entitled to recover attorney's fees based on his timely motion.

Plaintiff's second and final objection to the R&R is that Kuras's failure to provide notice of its claim for attorney's fees in the initial pleadings caused plaintiff to file its appeal prior to Kuras filing his motion for attorney's fees, thus allowing the appeal to progress beyond the point where the parties could have a single appeal addressing all of the issues. Plaintiff argues that Federal Rule of Appellate Procedure 12.1[2] requires Kuras

---

[2]Plaintiff incorrectly referred to this as Federal Rule of Civil Procedure 12.1 in its brief.

to move for a stay. If attorney's fees are awarded, plaintiff requests, in the alternative, that the award be "stayed pending the appeal and made dependent upon the outcome of the appeal." Pl.'s Objections 3.

"Courts and litigants are best served by the bright-line rule, which accords with traditional understanding, that a decision on the merits is a 'final decision' for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case." Budinich v. Becton Dickinson & Co., 486 U.S. 196, 202-03 (1988). This court retains jurisdiction over defendant Kuras's attorney's fee motion despite plaintiff's appeal on other issues. See Sheet Metal Workers' Int'l Assoc. Local 19 v. Herre Bros., Inc., 198 F.3d 391, 394 (3d Cir. 1999) (holding that a district court retains jurisdiction to "review applications for attorney's fees" following filing of a notice of appeal); Langham-Hill Petroleum, Inc. v. S. Fuels Co., 813 F.2d 1327, 1328 (4th Cir. 1987) (holding that a district court retains jurisdiction to award attorney's fees pursuant to Rule 11 after a notice of appeal has been filed).

This court entered a final judgment on January 13, 2010. Pursuant to Rule 54(d)(2)(B), Kuras was required to file his motion for attorney's fees within fourteen days after the entry of judgment, and he complied with this requirement. Kuras was not required to move for a stay pursuant to Federal Rule of Appellate Procedure 12.1, and plaintiff offers no legal basis or reason for this court to stay an award of attorney's fees pending outcome of plaintiff's appeal.

## IV. CONCLUSION

For the foregoing reasons, the court **ADOPTS** the magistrate judge's report and recommendation and **GRANTS** defendant's motion for attorney's fees and costs in the amounts of $20,221.00 and $93.40, respectively, for a total award of $20,314.40.

**AND IT IS SO ORDERED**.

---
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**August 16, 2010
Charleston, South Carolina**