IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NGM Insurance Company f/k/a National Grange Mutual Insurance Company, | )<br>)<br>) Civil No. 2:08-CV-3378-DCN |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| | ) **ORDER AND OPINION** |
| Carolina's Power Wash & Painting, LLC, Norman L. Kuras, Jr. d/b/a Carolina's Power Wash & Painting, f/k/a Carolina's Painting & Pressure Washing, Cathy Cromer and Lisa Glover, | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

This matter is before the court on plaintiff's motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). Plaintiff argues that the court's August 16, 2010 order, adopting the magistrate judge's report and recommendation (R&R) and granting attorney's fees to defendant Norman L. Kuras, should be altered or amended because the court misinterpreted or misapplied South Carolina law. For the reasons set forth below, the court denies plaintiff's motion.

**I. BACKGROUND**

On January 27, 2010, Kuras timely filed an amended motion for attorney's fees and costs pursuant to Rule 54. This court referred Kuras's motion to United States Magistrate Judge Bristow Marchant, who prepared and filed an R&R. Magistrate Judge Marchant found that Kuras was entitled to recover attorney's fees under the substantive law of South Carolina and was permitted to do so pursuant to Rule 54(d)(2). Magistrate

1

Judge Marchant also found that Kuras filed his motion following entry of a final judgement; therefore, the issue of attorney's fees was ripe for consideration by the court. Plaintiff filed two objections to the R&R. First, plaintiff argued that attorney's fees are not recoverable costs under the substantive law of South Carolina, thus, they must be specifically pled pursuant to Rules 54(d)(2) and 9(g). Second, plaintiff argued that application of the R&R should depend on the outcome of the pending appeal. On August 16, 2010, this court issued an order rejecting plaintiff's objections, adopting the magistrate judge's R&R, and granting attorney's fees to defendant Kuras.

On August 26, 2010, plaintiff filed the instant motion to alter or amend. Plaintiff argues that this court's August 16, 2010 order "nullifie[d] the requirements of both South Carolina law and Rule 9(g) of the Federal Rules of Civil Procedure, which requires that special damages must be plead" by determining that an insured who successfully defends a declaratory judgment action is entitled to recover attorney's fees. Mot. Alter 2. Plaintiff claims that the Supreme Court of South Carolina's decision in <u>Hegler v. Gulf Insurance Co.</u>, 243 S.E.2d 443 (S.C. 1978), does not "grant authority for such a nullification." Mot. Alter 2.

Next, plaintiff argues that attorney's fees are special damages that must be specifically pled to avoid surprise to the opposing party, citing <u>Hackworth v. Greywood at Hammett, LLC</u>, 682 S.E.2d 871 (S.C. Ct. App. 2009). Plaintiff states that "[a] party's entitlement to relief does not mean a party does not have to give notice and request that relief in accordance with the substantive law of South Carolina." Mot. Alter 2.

Finally, plaintiff argues that its appeal of this court's summary judgment ruling, dated January 12, 2010, is still pending, thus, there is no final decision showing that defendants have successfully defended the declaratory judgment action. As a result, an award of attorney's fees is dependent on, and should be stayed pending, the outcome of the appeal.

## II. DISCUSSION

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment; however, the rule does not provide a standard courts may use to grant such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pac. Ins. Co., 148 F.3d at 403 (internal citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." Id. (internal citation omitted).

Plaintiff apparently seeks to alter or amend this court's prior judgment to correct a clear error of law; all other grounds to challenge the judgment are clearly inapplicable. At the outset, the court cannot help but notice that plaintiff's arguments are merely

3

reiterations of its objections to the magistrate judge's R&R.

Plaintiff first claims that the court's August 16, 2010 order eviscerates the general rule that special damages for breach of contract must be specifically pled by recognizing that a successful insured is entitled to attorney's fees in a declaratory judgment action, regardless of whether such fees were specifically pled. Plaintiff then attempts to support its position by quoting the second to last line in the Hegler opinion: "Appellant is entitled to recover the **counsel fees sought in the complaint**, the reasonableness of which is not in issue." Mot. Alter 2 (quoting Hegler, 243 S.E.2d at 445) (emphasis added).

A careful reading of the August 16, 2010 order reveals that this court acknowledged that special damages for breach of contract must be specifically pled in "certain contexts under South Carolina law." Order 8. Likewise, a careful reading of the Hegler opinion leads to the conclusion that a successful insured in a declaratory judgment action is entitled to recover attorney's fees, regardless of whether the insured specifically pled attorney's fees as special damages. Nowhere in that opinion did the Supreme Court of South Carolina articulate a requirement that attorney's fees must be specifically pled in that particular context, even though the plaintiff in Hegler happened to include attorney's fees in his complaint.

Plaintiff once again cites Hackworth v. Greywood at Hammett, LLC, 682 S.E.2d 871 (S.C. Ct. App. 2009), to support the argument that attorney's fees must be specifically pled in the complaint to give the opposing party proper notice and avoid surprise. As this court previously stated in the August 16, 2010 order: "The gist (and central holding) of the opinion in Hackworth is that a civil conspiracy cause of action

4

requires the pleading of special damages separate and apart from other causes of action alleged in a multiple-count complaint, not that special damages for breach of contract must be specifically pled. Plaintiff's citation merely references the opinion's distinction between general and specific damages, and this lends little assistance to its first objection." Order 8. Plaintiff fails to demonstrate how repeating the same citation to Hackworth in its motion changes the holding in that case and somehow necessitates correction of a clear error of law in the August 16, 2010 order. Plaintiff's argument is without merit.

Plaintiff's final argument is that defendants have not yet successfully defended the underlying declaratory judgment action because the appeal of this court's summary judgment ruling is still pending. Plaintiff therefore argues that the award of attorney's fees should be stayed pending the outcome of the appeal. Plaintiff cites no case law contradicting the court's prior reasoning on this point, particularly the court's reliance on Budinich v. Becton Dickinson & Co., 486 U.S. 196, 202-03 (1988) ("Courts and litigants are best served by the bright-line rule, which accords with traditional understanding, that a decision on the merits is a 'final decision' for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case."). Thus, plaintiff's final argument is also without merit.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion to alter or amend is **DENIED.**

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**October 25, 2010
Charleston, South Carolina**